# United States District Court
## for the
## Eastern District of Tennessee

U.S.A. vs. Michael LaPaglia  Docket Number: 3:18-CR-172

### Petition for Action on Conditions of Pretrial Release

COMES NOW April J. Bradford, United States Probation Officer, presenting an official report upon the conduct of defendant Michael LaPaglia, who was placed under pretrial release supervision by the Honorable Debra C. Poplin, sitting in the Court at the Eastern District of Tennessee, on November 19, 2018, under the following conditions:

1) Report to the United States Probation Office (USPO) as directed;
2) Continue or actively seek employment;
3) Not obtain a passport or other international travel document;
4) Travel is restricted to the Eastern District of Tennessee, unless permission is granted otherwise by the USPO;
5) Avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including provided that Dr. LaPaglia may attend the weekly meetings he is required by his contract with the Tennessee Medical Foundation to attend, and speak socially (i.e. greetings such as "hello" and "goodbye") but not about the case, with Dr. Charles Brooks, who also attends such meetings;
6) Do not possess a firearm, destructive device, or other weapon;
7) Do not use alcohol excessively;
8) Do not use or unlawfully possess a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner;
9) Submit to testing for a prohibited substance and do not tamper with substance abuse testing;
10) Participate in a program of inpatient or outpatient substance abuse therapy and counseling, if directed by USPO;
11) Report as soon as possible, to the Probation Officer, every contact with law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stops;
12) Comply with all instructions from supervising officer; and
13) Truthfully answer all inquiries from supervising officer

### Respectfully presenting petition for action of Court and for cause as follows:

On December 9, 2020, this officer instructed defendant Michael LaPaglia to report to Midway Rehabilitation Center on December 10, 2020, for a drug screen. The defendant indicated he had tested positive for COVID-19 a couple days beforehand. Therefore, this officer excused him from the drug screen. On December 11, 2020, this officer asked him to provide a copy of his positive COVID-19 test for verification purposes.

On January 6, 2021, this officer sent a second request to defendant LaPaglia, asking for a copy of his positive COVID-19 test from December of 2020.

On January 11, 2021, the defendant forwarded this officer a document reflecting he tested positive for COVID-19 at the Neighborhood Urgent Care clinic in Jacksboro, Tennessee, on December 10, 2020. The date of the test is significant because if Mr. LaPaglia did not test positive for COVID-19 until December 10th, this indicates he was dishonest with this officer on December 9th, at which time he reported he had already tested positive for COVID-19 and was excused from reporting for a drug screen.

On January 22, 2021, this officer forwarded a copy of the above-referenced positive COVID-19 test result to the Neighborhood Urgent Care clinic in Jacksboro, Tennessee. The business manager at said clinic found no record of the defendant in their system using his name, date of birth and social security number. The business manager confirmed the document is the same COVID-19 test result document utilized by their clinic. She then showed the above-referenced document to the nurse whose signature is reflected at the bottom. The nurse affirmed it is her signature at the bottom of the form but pointed out that the patient name and patient date of birth listed at the top of the form are not written in her handwriting. The business manager indicated the nurse who signs the result form would also be the same person who fills in the name and date of birth of the patient at the top of the form.

Based on the information above, it appears the defendant was dishonest with this officer about being positive for COVID-19, presumably in order to avoid taking a drug screen. Additionally, it appears the document he provided for verification of his positive COVID-19 test, is fraudulent.

Additionally, the government has advised that the defendant was administering COVID-19 antibody tests (38 total tests) at a manufacturing plant on December 8th, December 9th, December 10th, December 12th, and December 13th of 2020. If he truly did test positive for COVID-19, then the defendant should have been in quarantine in the days following the positive test, instead of administering tests to persons in the community.

## PRAYING THAT THE COURT WILL ORDER

A Summons be issued for the defendant's presence at a violation hearing before Your Honor.

**ORDER OF COURT**

Considered and ordered this 12th day of ~~January~~ February 2021 and ordered filed and made a part of the records in the above case.

_____
The Honorable Katherine A. Crytzer
United States District Judge

I declare that under penalty of perjury that the foregoing is true and correct.

Respectfully,

_April J. Bradford_  April J. Bradford
2021.01.26 17:04:59 -05'00'

_____
April J. Bradford
United States Probation Officer
Knoxville Division

Approved by:

_Corey Miller_
_____
Corey Miller
Supervising United States Probation Officer

AJB:awe