UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA     )

                             )        No. 3:18-CR-00172

v.                           )

                             )        Hon. Katherine A. Crytzer, USDJ

MICHAEL A. LaPAGLIA, M.D.     )        Hon. Debra C. Poplin, USMJ


## SENTENCING MEMORANDUM OF THE DEFENDANT MICHAEL A. LaPAGLIA, M.D.

### I.  Introduction


This case is before this Honorable Court for sentencing. The United States, in its

Sentencing Memorandum [RE 49 at 2 and fns 1 and 2], summarizes accurately the result of

application of the United States Sentencing Guidelines ("USSG") in this case in the two

Presentence Investigation Reports ("PSIRs") filed:


> The . . . Revised [PSIR] correctly calculates the defendant's Guidelines at six to 12
> months' imprisonment for the drug offense and health care offense [of conviction] . . . .
> Based on drug quantities, the defendant faces a total offense level of 10. The defendant is
> in a criminal history category of I. Accordingly, the defendant's effective guideline
> range is six to 12 months.

(citations omitted) (footnotes not quoted). And from the United States' Motion for Upward

Variance [RE 48 at 2]: "The sentence is in Zone B of the Guidelines and a probationary sentence

is authorized." (Citation omitted.)

## II.  Argument

The United States' argument for a harsh sentence of incarceration in this case rests on a statement that mischaracterizes the unlawful conduct in this case, and does not recognize any positive conduct on the part of Dr. LaPaglia: "The defendant is a drug dealer." [RE 49 at 1.]

Dr. LaPaglia, a licensed physician subject to professional oversight, possessed of the education, training, and experience that were required for him to become a licensed physician, was not an amateur chemist.  The substances involved in the offenses of conviction were not methamphetamine or other schedule I or II controlled substances associated with drug dealers. The intricately interconnected and voluminous bodies of law that govern the classification of controlled substances, licensing required for the handling of controlled substances, and the definitions of criminal offenses concerning controlled substances, show that in promulgating the Guidelines, the Sentencing Commission judged multiple factors to be important in the delineation of punishment for controlled substance offenses. These factors include the type (including chemistry and risks presented to health) of any particular substance(s), and the weight of the substance(s) in any particular case.  Because of this, the sentencing factor of "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," 18 USC § 3553(a)(2)(A), would be better met by a probationary or other within-Guidelines sentence, not by treatment of the offenses of conviction as if they involved greater amounts of more dangerous drugs.

With respect to the factors in 18 USC § 3553(a)(2)(B) through (D), general and specific deterrence, and rehabilitation, these factors argue in this particular case against incarceration. Whatever deterrence incarceration might provide, it would not be as beneficial as an opportunity

for the Defendant to experience continued and improving recovery, while practicing medicine (but not prescribing controlled substances) with beneficial supervision provided by professional colleagues. Such an opportunity would benefit those persons of lesser means for whom Dr. LaPaglia has provided care, for whom, according to testimony adduced at the hearing on the Probation Office's Petition, other sources of care were not available. Being deprived of liberty or of the opportunity to engage in healthcare work would, in contrast, eliminate for some period of time from this physician's life a needed opportunity for rehabilitation, with little or nothing gained in exchange.

For the reasons stated, the Defendant urges the Court to consider a probationary sentence.

Respectfully submitted,


s/ Francis L. Lloyd, Jr.
LAW OFFICE OF FRANCIS L. LLOYD, JR.
9111 Cross Park Drive, Suite D-200
Knoxville, TN 37923
tel: (865) 470-4077
E-Mail: FLLloydJr@gmail.com
   *Counsel for Michael A. LaPaglia, M.D,*


<u>CERTIFICATE OF SERVICE</u>
        I hereby certify that a copy of this document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                s/ Francis L. Lloyd, Jr.