UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:18-CR-00172 |
| v. | ) | |
| | ) | Hon. Katherine A. Crytzer, USDJ |
| MICHAEL A. LaPAGLIA, M.D. | ) | Hon. Debra C. Poplin, USMJ |

**OBJECTIONS OF THE DEFENDANT MICHAEL A. LaPAGLIA, M.D.
TO THE REPORT AND RECOMMENDATIONS CONCERNING
MODIFICATION OF CONDITIONS OF RELEASE**

The Defendant **MICHAEL A. LaPAGLIA, M.D.** ("Dr. LaPaglia"), by undersigned counsel, respectfully submits these Objections to the Report and Recommendations [RE 45] ("R&R") recommending modification of conditions

Proceedings before Magistrate Judge Poplin concerning Dr. LaPaglia's conditions of release began with a Petition and Order [RE 35]. After hearing oral testimony and receiving documentary evidence, Magistrate Judge Poplin issued the R&R [RE 45] now under consideration by this Honorable Court.  This Court extended the deadline [RE 47] for objections to the R&R.  The parties have filed sentencing memoranda.  [RE 49 and 51].

II. Objections

The Defendant states the following objections to the R&R:

1. The magistrate judge erred to the extent that she relied on the testimony of a Federal Bureau of Investigation special agent concerning a report given by a complaining home visit patient of Dr. LaPaglia.  There was no direct evidence from the complaining patient concerning the treatment of her, or the result of the treatment, no expert evidence to establish the standard of

care that applied to the home visit, no expert evidence to establish a breach of any standard of care, and no evidence to establish that Dr. LaPaglia caused injury or harm. Nothing showed any unlawful conduct, or even a breach of an existing medical professional standard of care, in failing to use gloves or a mask, in failing to have a functional thermometer on the occasion, or in dispensing pills (not containing a controlled substance, in the absence of a Drug Enforcement Administration number) from a wholesale-sized container, as opposed to a retail-sized container. Whatever the quality of the hygiene practice during this home visit, which is in itself a subject for only expert assessment, it was error to have used any assumed hygienic shortcomings to reach the conclusions in the R&R.

2. Dr. LaPaglia further objects to the use of this report of a home visit patient's complaint as support for the findings and recommendations in the R&R, or the basis that the Petition by which this proceeding was commenced provided no notice of issues arising out of the complained-of home visit.

3. Dr. LaPaglia objects to the R&R to the extent that the R&R would effectively bar him from the private practice of medicine by requiring home confinement.

4. Dr. LaPaglia objects to the R&R to the extent that it ignores the compassion and social concern that Dr. LaPaglia has shown in his care and treatment of patients in residential recovery programs.

5. Dr. LaPaglia objects to the R&R to the extent that it usurps the authority of the Tennessee agencies responsible for supervision of the licensure and adherence to professional standards of licensed Tennessee physicians.

Respectfully submitted,

s/ Francis L. Lloyd, Jr.
LAW OFFICE OF FRANCIS L. LLOYD, JR.
9111 Cross Park Drive, Suite D-200
Knoxville, TN  37923
tel: (865) 470-4077
E-Mail:  FLLloydJr@gmail.com
  *Counsel for Michael A. LaPaglia, M.D,*

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Francis L. Lloyd, Jr.