UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-172-KAC-DCP |
| MICHAEL A. LAPAGLIA, | ) | |
| Defendant. | ) | |

# **ORDER**

Magistrate Judge Debra C. Poplin filed a Report and Recommendation (R&R) recommending that the Court find that the Defendant violated his conditions of pretrial release, but forego detention because additional conditions may be imposed to assure the safety of the community [Doc. 45]. The R&R specifically recommends that the Court modify the Defendant's conditions of pretrial release and add the following two conditions to assure the safety of the community [*Id.*].

1. The Defendant is restricted from providing any medical diagnosis or treatment of patients, with the exception of administering COVID-19 testing in a business setting, unless and until the work site monitoring provision of the Tennessee Medical Foundation (TMF) Aftercare Agreement is implemented and the Court approves the lifting of the limitation to COVID-19 testing; and

2. The Defendant shall execute a waiver of confidentiality for his TMF records to allow the United States Probation Office to communicate with TMF and to allow

TMF to advise whether the Defendant is in compliance with the TMF Aftercare Agreement and to report to the United States Probation Office any positive drug tests.

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). If, "after a hearing," the Court "finds that there is probable cause to believe that the person has committed a Federal, State, or local crime while on release[,] or clear and convincing evidence that the person has violated any other condition of release; and finds that based on the factors set forth in [18 U.S.C. §] 3142(g) . . . there is no condition or combination of conditions of release that will assure that the person will not flea or pose a danger to the safety of any other person or the community[,] or the person is unlikely to abide by any condition or combination of conditions of release," the Court "shall enter an order of revocation and detention." 18 U.S.C. § 3148(b). If, however, the Court "finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions," the Court "may amend the conditions of release accordingly." *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) "[w]ithin fourteen [(14)] days after being served with a copy [of the R&R], any party may serve and file written objections to such proposed findings and recommendations." If an objection is made that is not "frivolous, conclusive[,] or general" the Court reviews de novo the portion of the R&R to which the

objection is made.  28 U.S.C. § 636(b)(1); *Mira v. Marshall*, 805 F.2d 636, 637 (6th Cir. 1986).

Following an extension from the Court, the Defendant filed objections to the R&R [Doc. 55].  In particular, he objected "to the extent that" the R&R relies on "testimony of a Federal Bureau of Investigations special agent concerning a report given by a complaining home visit patient of Dr. LaPaglia" [Doc. 55] and objected that the Petition [Doc. 35] did not give him "notice of issues arising out of the complained-of home visit" [Doc. 55].  He also asserted objections "to the extent that" the R&R (1) "effectively bar[s] him from the private practice of medicine by requiring home confinement," (2) "ignores the compassion and social concern that [the Defendant] has shown in his care and treatment of patients in residential recovery programs," and (3) "usurps the authority of the Tennessee agencies responsible for supervis[ing]" him [*Id.*].  None of these objections change the outcome of this matter.

***First,*** even assuming that the Defendant did not receive sufficient notice of the Government's plan to present evidence regarding the home visit and that the evidence should not have been considered, the Magistrate Judge's conclusions are separately and independently supported by clear and convincing evidence for which the Defendant was properly on notice [Doc. 35].  *See* Fed. R. Crim. P. 32.1.  ***Second,*** as a matter of fact, the R&R does not recommend a home confinement condition, even though the Government sought one.  ***Third,*** the Court did not "ignore" the purported "compassion and social concern" the Defendant has shown.  ***Finally,*** the recommended additional conditions sufficiently respect the authority of the Tennessee agencies supervising the Defendant by

3

Case 3:18-cr-00172-KAC-DCP   Document 57   Filed 03/30/21   Page 3 of 5   PageID #: 270

relying on the agencies' expertise, while recognizing the interests of the Government and public in avoiding danger to the safety of the community.

Similarly, as to the remainder of the R&R, the Court has found no error. Accordingly, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 45] pursuant to 28 U.S.C § 636(b)(1) and **ORDERS** as follows:

(1) The finding that the Defendant violated his conditions of release is **ADOPTED**.

(2) The finding that "there are conditions that will assure [the Defendant] will not pose a danger to the safety of any other person or the community" [Doc. 45 at 10] during his continued term of pretrial release is **ADOPTED**.

(3) The **RECOMMENDATION** that the Defendant's conditions of release be **MODIFIED** to include the following two conditions is **GRANTED**.

1. The Defendant is restricted from providing any medical diagnosis or treatment of patients, with the exception of administering COVID-19 testing in a business setting, unless and until the work site monitoring provision of the TMF Aftercare Agreement is implemented and the Court approves the lifting of the limitation to COVID-19 testing; and
2. The Defendant shall execute a waiver of confidentiality for his TMF records to allow the United States Probation Office to communicate with TMF and to allow TMF to advise whether the Defendant is in compliance with the TMF Aftercare Agreement and to report to the United States Probation Office any positive drug tests.

(4) The Defendant **SHALL REMAIN** on pretrial release under the modified conditions until sentencing in this matter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge