# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | No. 3:18-CR-172 |
| v. ) | |
| ) | JUDGE CRYTZER |
| MICHAEL LAPAGLIA ) | |
| Defendant. ) | |

## UNITED STATES' AMENDED SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Francis M. Hamilton III, the Acting United States Attorney for the Eastern District of Tennessee, and files this amended sentencing memorandum in compliance with the Court's order [doc. 62] and hereby requests that the Court sentence the defendant in the above-referenced case to at least 18 months' imprisonment, a sentence above his advisory guidelines range. (*See* Doc. 68, Government's Amended Motion for Upward Variance.) The United States respectfully submits that an above-guidelines sentence is sufficient and not greater than necessary to address the concerns set forth in Title 18, United States Code, Section 3553.

## I. Offense Conduct

The defendant has been a medical doctor for nearly 20 years and has managed to work in the medical field that entire time, despite numerous scandals and infractions. (Doc. 61, Third Revised PSR, ¶¶ 70-77, pg. 14-15.) The defendant is a drug dealer. In 2014, the defendant's unlawful possession of marijuana, valium and various paralytic and sedative agents resulted in the loss of his DEA Registration number. (Doc. 61, PSR, ¶¶ 12, 55, 75, pgs. 5, 10, 15.) Thus, the defendant lost his ability to write prescriptions for controlled substances. But this did not deter the defendant. Instead the defendant devised a way around that limitation: he conspired with another medical doctor to establish a "concierge" suboxone clinic- traveling to opioid-addicted patients to treat their addiction. In actuality, the defendant met patients at his home and

in parking lots – just like a typical drug dealer. (*Id*. at ¶ 14, pg. 6.) The defendant wrote prescriptions for controlled substances, but because the defendant was unauthorized to prescribe controlled substances, the defendant used pre-signed prescription pads (signed by Dr. Charles Brooks who was authorized to write prescriptions). No medical exams were performed, no drug tests were taken, no mental health treatment was offered, and no steps were taken to ensure patients did not divert their prescriptions. Patients communicated with the defendant using text messaging and WhatsApp, just like typical drug dealers use. (*Id*. at ¶ 22, pg. 7.) The defendant's criminal conduct was, simply, a brazen misuse of his medical license that endangered the health and well-being of his pill-seeking patients.

## II. Guidelines

The defendant's Third Revised Presentence Report ("PSR") correctly calculates the defendant's Guidelines at six to 12 months' imprisonment for the drug offense and health care offense. (Doc. 61, Third Revised PSR, ¶ 92, pg. 18.) The defendant faces a statutory maximum term of imprisonment of 10 years with respect to count one and a maximum term of five years with respect to count two. 21 U.S.C. § 841(b)(1)(E)(i); (Doc. 61, Third Revised PSR, ¶ 89, pg. 18.) Based on drug quantities, the defendant faces a total offense level of 10. (*Id.* at ¶ 92, pg. 18.) The defendant is in a criminal history category of I. (*Id.*) Accordingly, the defendant's effective guideline range is six to 12 months. (*Id.*)

## III. 3553(a) Factors

In addition to the Guidelines range and the recommendations of the Sentencing Commission, the Court must also consider the Title 18, United States Code, Section 3553(a) factors. The factors in Title 18, United States Code, Section 3553(a) support a conclusion that an above-Guideline sentence of at least 18 months' imprisonment is appropriate.

As provided in Title 18, United States Code, Section 3553(a)(2), the Court shall consider the following factors: (1) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law; (2) the need for the sentence to afford adequate deterrence; and (3) the need to protect the public. This offense is serious, and the sentence should reflect its serious nature. Additionally, the defendant's sentence must deter him from committing crimes in the future and should also deter others from engaging in the same behavior.

The defendant's previous criminal history, disturbing occupational infractions, and his deceitful and obstructive behavior while on pretrial release warrant a serious sentence that is above the Guidelines range. The offense in this case is serious, despite the low Guidelines range calculation. The defendant's conduct cost medical providers (and ultimately taxpayers) thousands and endangered to health and well-being of addicted, and drug-diverting patients. The defendant's meetups at his home and in fast-food parking lots are exactly what they appear to be: drug transactions. By ignoring the standard of care and ignoring his own licensing restrictions, the defendant was merely a drug trafficker with a lab coat. There is no difference between the defendant's conduct and the conduct of a typical street-level drug dealer. The defendant should be sentenced accordingly.

The need to promote respect for the law is similarly strong here. While on pretrial release the defendant went through great lengths to obstruct his drug testing (indicating the results of the test would have been, at the very least, unfavorable to the defendant): he casually took advantage of a global pandemic to find an easy excuse to avoid a drug test and then falsified a medical document to cover-up that lie. (*See* doc. 45, R & R Modifying Conditions of Release.) All the while, the defendant was entering the homes of unwitting patients as a licensed medical doctor (and felon) and providing onsite COVID-19 tests to scores of business employees

(without reporting any of that to Probation). That conduct shows an alarming disrespect for the court, the law, and the practice of medicine.

The defendant has flaunted his cooperation and his medical license as get out of jail free cards – his ticket to probation. *See* Rebecca Haw Allensworth, *Licensed to Pill* (July 21, 2020), https://www.nybooks.com/daily/2020/07/21/licensed-to-pill/.(noting that the defendant told her he provided DEA with information about other Suboxone clinics and that he hoped for probation for his felony offenses) (*See also* doc. 45, R & R Modifying Conditions of Release, pg. 5-6) (noting defendant argued that his medical license allows him to conduct home visits and that home confinement would banish him from practicing medicine).

The defendant's behavior on pretrial release deserves serious scrutiny and certainly indicates the need for a serious sentence. A period of incarceration is warranted to promote respect for the law and to deter the defendant from further criminal and dangerous conduct.

As outlined above and as detailed in the government's Amended Motion for Upward Variance [doc. 68], the defendant has demonstrated a lengthy pattern of abusing his medical license. (Doc. 61, Third Revised PSR, ¶ 75-77, pg. 15-16.) The defendant's conduct shows a total unwillingness to submit to the Court's authority – to the Court he claims no action can be taken to restrict his practice of medicine, because he has a valid medical license; to the Board he offers cooperation and misrepresents the nature of his offense. The defendant believes he is above the rules, above regulation, and above the law. He is not. An above-Guidelines sentence would ensure he understands that. More importantly, however, it would ensure the safety of the public.

## **CONCLUSION**

For the reasons set forth above, and in the United States' Amended Motion for Upward Variance [doc. 68], the United States respectfully submits that an above-Guidelines sentence of

at least 18 months' imprisonment is an appropriate sentence under the circumstances of this case and would be sufficient, but not greater than necessary, to accomplish the sentencing purposes embodied in Title 18, United States Code, Section 3553(a)(2). The United States reserves the right to offer argument and proof at the sentencing hearing in support of its position on sentencing as it deems appropriate and as the Court permits.

Respectfully submitted this 13th day of May 2021.

                                  FRANCIS M. HAMILTON III
                                ACTING UNITED STATES ATTORNEY

            By:    *s/Anne-Marie Svolto*
                    ANNE-MARIE SVOLTO, BPR# 025716
                    Assistant United States Attorney
                    800 Market Street, Suite 211
                    Knoxville, Tennessee 37902
                    (865) 545-4167
                    anne-marie.svolto@usdoj.gov