UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:18-CR-00172 |
| v. | ) | |
| | ) | Hon. Katherine A. Crytzer, USDJ |
| MICHAEL A. LaPAGLIA, M.D. | ) | |

**SENTENCING MEMORANDUM OF THE DEFENDANT**
**MICHAEL A. LaPAGLIA, M.D.**

I. Introduction

This case is before this Honorable Court for sentencing. The United States, in its earlier-filed Sentencing Memorandum [RE 49, PageID#: 228 and fns. 1 and 2], summarized accurately the results of application of the United States Sentencing Guidelines ("USSG") in this case provided in the two earliest-filed Presentence Investigation Reports ("PSIRs"):

> The. . . Revised [PSIR] correctly calculates the defendant's Guidelines at six to 12 months' imprisonment for the drug offense and health care offense [of conviction]. . . . Based on drug quantities, the defendant faces a total offense level of 10. The defendant is in a criminal history category of I. Accordingly, the defendant's effective guideline range is six to 12 months.

(Citations omitted) (footnotes not quoted). And from the United States' earlier-filed Motion for Upward Variance [RE 48, PageID#: 223]: "The sentence is in Zone B of the Guidelines and a probationary sentence is authorized." (Citation omitted.)

The most recent Revised PSIR, filed April 20, 2021 [RE 61, PageID#: 297, ¶¶ 89 and 91], states the maximum statutory term of imprisonment for the two offenses of conviction. Neither one carries a mandatory minimum term of imprisonment. Per *id*., ¶ 92, "the minimum term may be satisfied by. . . (3) a sentence of probation that includes a condition or combination

of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment. . . ." *See* USSG § 5C1.2(c) and (e). *See also* ¶¶ 102-103 of the most recent Revised PSIR [RE 61, PageID#: 298], concerning USSG provisions applicable to probation in this case.

The advisory Guidelines range of a term of imprisonment in this case is six to 12 months. Revised PSIR filed April 20, 2021 [RE 61, ¶ 92, PageID#: 297].

II. Applicable Procedures

A procedure for judging what must be considered in imposing a sentence in a case like this is prescribed by USSG § 1B1.1. The sentencing court should first apply the advisory USSG provisions, in the order in which they present themselves in the Federal Sentencing Guidelines Manual, vol.1. Next, "[t]he court shall then consider Parts H and K of Chapter Five, Specific Offender Characteristic and Departures, and any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence.: USSG § 1B1.1(b). Third, according to USSG § 1B1.1(c), "[t]he court shall then consider the applicable factors in 18 USC § 3553(a) taken as a whole. *See* 18 USC § 3553(a)." *See also United States v. McElheney,* 630 F. Supp. 2d 886, 888-89 (E.D. Tenn. 2009).

III. Standard of Adjudication

A sentencing court that applies a presumption of reasonableness to the applicable advisory guidelines range commits reversible error. *Rita v. United States,* 551 U.S. 338, 347-48, 127 S. Ct. 2456, 168 L.Ed. 2d 203 (2007); *United States v. Wilms*, 495 F.3d 277 (6th Cir. 2007). The sentencing court's duty is to impose "a sentence sufficient, but not greater than necessary, to

comply with the purposes" stated in 18 USC § 3553(a)(2).  *Wilms, supra,* at 281 (citations omitted).  This is the "overriding requirement."  *McElheney, 630 F. Supp. 2d at 896.*

> The court may impose a sentence within the applicable Guidelines range (after any clearly applicable departures) if such is consistent with the court's consideration of the § 3553(a) factors, or impose a non-Guidelines sentence if such is justified by the § 3553(a) factors.

*Id.* At 889-90 (citation omitted).

## IV.  Argument

Congress has commanded a federal district court engaged in sentencing to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing se forth in 18 USC § 3553(a)(2).  18 USC § 3553(a).  Congress has also commanded that a sentencing court, in determining whether to impose a term of imprisonment, and in determining the length of a term of imprisonment, recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 USC § 3582(a)."

There follow arguments pertinent to this sentencing, organized according to the 18 USC § 3553(a)(2) purposes of sentencing.

(a) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

Harsh sentences for narcotics offenses might reflect the seriousness of narcotics offenses, or at least of narcotics trafficking offenses perpetrated by offenders who are not addicts themselves, but even after recent amendments concerning sentences in such cases, the increasingly long terms of imprisonment dispensed by federal courts in controlled substances cases throughout the last several decades can hardly be said to have promoted respect for law or convinced many persons of the justice of the punishments imposed.  "Between 1980 and 2013,

3

the number of incarcerated federal drug defendants soared from 4,749 to 100,026—an astonishing 2,006 percent. As of September 28,2013, half—50.1percent—of all federal prisoners were serving time for drug offenses." Human Rights Watch, AN OFFER YOU CAN'T REFUSE / HOW US FEDERAL PROSECUTORS FORCE DRUG DEFENDANTS TO PLEAD GULTY at 17 (Dec. 2013) (footnote omitted). "The average federal drug sentence has increased 250 percent since 1987 when the Sentencing Commission published its guidelines." *Id.* at 19 (footnote omitted). Our society is hard pressed to show that these historical developments in the federal criminal justice system have fostered either respect for law or a consensus that justice is being served.

The position of the United States Attorney that a greater-than-Guidelines sentence of imprisonment is called for in this case rests on a statement that mischaracterizes the unlawful conduct in this case, and does not recognize any positive conduct on the part of Dr. LaPaglia: "The defendant is a drug dealer." [RE 49 at 1.] Dr. LaPaglia, a licensed physician subject to professional oversight, possessed of the education, training, and experience that were required for him to become a licensed physician, was not an amateur chemist. The substances involved in the offenses of conviction were not methamphetamine or other schedule I or II controlled substances associated with drug dealers. The intricately interconnected and voluminous bodies of law that govern the classification of controlled substances, licensing required for the handling of controlled substances, and the definitions of criminal offenses concerning controlled substances, show that in promulgating the Guidelines, the Sentencing Commission judged multiple factors to be important in the delineation of punishment for controlled substance offenses. These factors include the type (including chemistry and risks presented to health) of any particular substance(s), and the weight of the substance(s) in any particular case. Because of

4

this, the sentencing factor of "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," 18 USC § 3553(a)(2)(A), would be better met by a probationary or other within-Guidelines sentence, not by treatment of the offenses of conviction as if they involved greater amounts of more dangerous drugs. It should be noted that the calculation of a within-Guidelines sentence in this case included two offense levels added for abuse of trust under USSG § 3B1.3.

    (b) <u>Adequate deterrence.</u>

Again, the offense conduct in this case differs significantly from that in the usual case of distribution of controlled substances, such as distribution of heroin. The offense conduct concerned details of the practice of medicine by an educated, licensed physician who lacked a Drug Enforcement Administration (DEA) license. Considered in this light, the proposals in the PSIR for conditions of supervised release that would impose strict limitations on the Defendant's resumption of the practice of medicine would contribute more than a term of imprisonment to deterring a similarly–situated health care provider from similar conduct.

    (c) <u>Specific deterrence.</u>

Without the expense of imprisonment, the sentencing court's use of conditions of release to add to the regulation of the Defendant's professional conduct and to the requirements for his professional rehabilitation is more that adequate to protect the public from any further offenses on the past of the Defendant. This Court's use of conditions of release in this case will be in tandem with activity by the Tennessee Department of Health in a currently-pending administrative proceeding concerning the Defendant.

(d) <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

There probably do not exist in the Bureau of Prisons (BOP) system resources for the rehabilitation of a physician to a life consonant with standards of profession ethics and free from drug abuse. Such resources definitely exist elsewhere. Separating the Defendant from such resources by imprisonment would ignore this mandated purpose of criminal punishment.

For the reasons stated, the Defendant urges the Court to order a probationary sentence.

Respectfully submitted,

s/ Francis L. Lloyd, Jr.
LAW OFFICE OF FRANCIS L. LLOYD, JR.
9111 Cross Park Drive, Suite D-200
Knoxville, TN  37923
tel: (865) 470-4077
E-Mail:  FLLloydJr@gmail.com
  *Counsel for Michael A. LaPaglia, M.D,*

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that a copy of this document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Francis L. Lloyd, Jr.